**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARLENE CARLSON, | ) | |
| Plaintiff, | ) | |
| | ) | 05 C 1650 |
| vs. | ) | Judge Filip |
| | ) | |
| OFFICER BANKS and the VILLAGE OF | ) | |
| SOUTH CHICAGO HEIGHTS, | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COME the defendants, THE VILLAGE OF SOUTH CHICAGO

HEIGHTS and OFFICER DEAN BANKS, by their attorneys, DOWD & DOWD,

LTD., and pursuant to F.R.C.P. 50, move for judgment as a matter of law as to all

counts in the plaintiff's complaint.  In support thereof, Defendants state as follows:

## I.      LEGAL STANDARD

F.R.C.P. 50(a)(1) establishes the standard by which a district court should

decide a motion for judgment as matter of law:

> If during a trial by jury a party has been fully heard on an issue and
> there is no legally sufficient evidentiary basis for a reasonable jury
> to find for that party on that issue, the court may grant a motion for
> judgment as a matter of law against that party with respect to a
> claim or defense that cannot under the controlling law be
> maintained or defeated without a favorable ruling on that issue.
> Mayer v. Gary Partners & Company, Ltd., 29 F.3d 330, 335 (7th
> Cir.1994).

A district court must enter judgment if, under the governing law, a reasonable fact

finder could not find for the non-moving party.  Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).  If a reasonable jury could find

for the non-moving party, judgment as a matter of law is inappropriate.  Shields

Enterprises v. First Chicago Corp., 975 F.2d 1290, 1294 (7th Cir.1992).

## II.     DEAN BANKS IS ENTITLED TO JUDGMENT AS A MATTER OF LAW BOTH SUBSTANTIVELY AND BASED ON QUALIFIED IMMUNITY.

### A.     Dean Banks is entitled to qualified immunity as to Plaintiff's claim for unlawful arrest claim.

The parties herein agree that Marlene Carlson was arrested on May 9, 2004 and charged with the following offenses:

- Obstructing a peace officer;
- Resisting arrest;
- Battery to a police officer.

In addition to denying the material allegations contained in the complaint, raised qualified immunity as an affirmative defense and did so in a timely manner (See document number 18).  Carlson's false arrest claim must necessarily fail because the arrest was supported by probable cause or at the very least, it was supported by "arguable probable cause".

The existence of probable cause constitutes an absolute bar as to Section 1983 false arrest claim.  Fernandez v. Perez, 927 F.2d 368, 370 (7th Cir.1991). Probable cause "does not require evidence sufficient to support a conviction, nor even evidence demonstrating that it is more likely than not that the suspect committed a crime".  United States v. Mounts, 248 F.3d 712, 715 (7th Cir.2001). Rather, "so long as the totality of circumstances viewed in a common sense manner, reveals a substantial chance of criminal activity on the suspect's part", probable cause exists.  Id.

In determining whether arrest or seizure is supported by probable cause, the courts based its evaluation "not on the facts as an omniscient observer would perceive them, but on the facts as they would have appeared to a reasonable person

in the position of the arresting officer. . . ". Booker v. Ward, 94 F.3d 1052, 1057-58 (7th Cir.1996). The totality of circumstances viewed in a common sense manner reveals a probability or substantial chance of criminal activity on the suspect's part, probable cause exists. Mounts, 1048 F.3d at 715.

The evidence introduced in Plaintiff's case in chief overwhelmingly shows that there was probable cause to arrest Carlson for the crime of obstructing a peace officer. 720 ILCS 5/31-1(a) states the following:

> A person who resists or obstructs the performance by one known to the person to be a peace officer or correctional institution employ of any authorized act within his official capacity commits a Class A misdemeanor.

Here, it is undisputed that Dean Banks had stopped the plaintiff for speeding and was attempting to prepare a traffic citation. It is also undisputed that Dean Banks was in his marked squad car, in full uniform and Plaintiff knew he was a peace officer. Carlson admits that she was told on three separate occasions to either return to or remain inside her vehicle. Despite these warnings, she failed to return to her vehicle and was placed under arrest. By refusing to return to her vehicle, Carlson impeded and/or otherwise interrupted Dean Banks as he attempted to issue a citation. With respect to the element of obstruction, Dean Banks testified that Plaintiff's insistence of standing next to the passenger side door of the squad car and arguing with Officer Banks about the citation interfered with performance of his duties (See Abrams v. Walker, 165 F.Supp.2d 762 (N.D.Ill.2001). Additionally, Dean Banks offered testimony during cross-examination which showed that her presence on the passenger side of his vehicle posed a threat to his physical safety. Dean Banks was reasonably concerned about his safety based on

Carlson's refusal to comply with his instructions. Additionally, Officer Banks was required to call for assistance. Given the totality of the circumstances present, probable cause existed that thus, Plaintiff's claims for unlawful arrest (both Section 1983 and common law) must fail.

## B.     Even if Dean Banks lacked probable cause to arrest Carlson for obstructing a police officer, he is entitled to qualified immunity.

It is well settled that the doctrine of qualified immunity leaves "ample room for mistake in judgments by police officers". <u>Payne</u>, 337 F.3d at 776. As a general proposition, governmental officials are shielded from liability for civil damages to the extent that their conduct does not violate clearly established statutory constitutional rights of which a reasonable person would have known. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). An official's conduct must be evaluated pursuant to an objective, reasonable standard. <u>Anderson v. Creighton</u>, 483 U.S. 635, 638 (1987). A governmental official performing discretionary functions is entitled to qualified immunity if a reasonable person could have believed his conduct to be lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred. In order to deprive a defendant of qualified immunity, the contours of the law that he has alleged to have broken must have been concrete such that it would have been obvious to all government actors that the law was being violated. <u>Lanigan v. The Village of Hazelcrest</u>, 110 F.3d 467, 472 (7th Cir.1997). Qualified immunity protects "all but the plainly incompetent or those otherwise knowingly violate the law". <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986). Reasonable mistakes fall within the protections afforded by qualified immunity. <u>Burns v. Reed</u>, 484 F.3d

524 (7th Cir.1995).

The qualified immunity analysis consists of a two-step inquiry. Ex Rel. Hernandez v. Texas Department of Protective Services, 380 F.3d 872, 879 (5th Cir.2004). The court must initially decide whether the plaintiff's allegations, if true, establish a violation of a clearly established right. Second, if the plaintiff has alleged a violation, the court must decide whether the conduct was objectively unreasonable in light of clearly established law at the time of the incident. Id. Even if the official's conduct violates a clearly established right, the official is nonetheless entitled to qualified immunity if his conduct was objectively reasonable. Id. at 879.

Qualified immunity amounts to an acknowledgement that even where personal liability does not ultimately materialize, the mere "spector of liability" may inhibit public officials in the discharge of their duties. Atwater v. City of Lago Vista, 532 U.S. 318, 121 S.Ct. 1536 (2001) (holding that it was not a violation of the Fourth Amendment to arrest, handcuff and take to jail a driver who failed to wear her seatbelt and failed to fasten her children's seatbelts). The purpose of qualified immunity is to allow officials to take action with independence and without fear of consequences. Swank v. Hartford, 204 F.3d 1187, 1198 (9th Cir.2000). Under the two-part test for evaluating qualified immunity, the plaintiff just show that the defendant's conduct violated a constitutional or statutory right and that the law governing the conduct was clearly established when the alleged violation occurred. Christiansen v. City of Tulsa, 332 F.3d 1270, 1278 (10th Cir.2003).

Assuming that Plaintiff can established that he has established a constitutional violation, the court must then examine whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001). In the context of a false arrest claim, an officer is entitled to qualified immunity if a reasonable officer in the defendant's position could have mistakenly believed that probable cause existed. Hunter v. Bryant, 502 U.S. 224, 112 SCt. 534 (1991). The courts characterize this particular concept as "arguable probable cause".

Even if accepted as true, Carlson's own testimony establishes that there was arguable probable cause to arrest her for the crime of obstructing a police officer. She acknowledges that she was told on multiple occasions to remain inside her vehicle and nevertheless saw fit to exit her vehicle, approach Dean Banks as he was performing his duties, and argued with him about the citation and the traffic stop. Ms. Carlson chose to make her argument as Dean Banks was performing an official duty. She did not wait until he had completed the citation and returned her to vehicle to present her with the citation and court appearance information. Instead she walked over to the driver's side of his vehicle, placed her hands on the vehicle itself and proceeded to argue her case. During cross examination, Banks testified that Carlson's action posed a threat to his personal safety and also interfered with his ability to conduct the traffic stop. Additionally, Marlene Carlson admitted that she was parked on a busy highway which lacked a shoulder and served as a distraction to motorists that could lead to a serious accident. Given the circumstances presented and the information available to Dean Banks, a reasonable officer in his position could have mistakenly believed

that probable cause existed. As a result, Dean Banks is entitled to judgment as a matter of law as to Plaintiff's Section 1983 claim for unlawful arrest as well as her state law claim.

## III.  DEAN BANKS IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO PLAINTIFF'S EXCESSIVE FORCE CLAIM.

### A.  Dean Banks is entitled to qualified immunity as to the excessive force claim brought pursuant to Section 1983.

In Graham v. Conner, 490 U.S. 386, 109 S.Ct. 1865 establishes the general proposition that use of force is contrary to the Fourth Amendment if it excessive under objective standards of reasonableness. In Graham, the Supreme Court held that claims for excessive force in the context of an arrest or investigatory stops should be analyzed under the Fourth Amendment's "objective reasonableness standards", not under substantive due process principles. 490 U.S. at 388, 394, 109 S. Ct. 1865. Since "police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain and rapidly evolving about the amount of force that is necessary in a particular situation, the reasonableness of an officer's belief as to the appropriate level of force should be judged from that onseen perspective. Graham, 490 U.S. at 396. The Supreme Court has cautioned against the use of "20/20 vision of hindsight" in favor of deference to the judgment of reasonable officers on the scene. Graham at 393, 396. Graham sets forth a list of factors relevant to the merits of constitutional excessive force claims, requiring careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or

attempting to evade arrest by flight. <u>Graham</u> at 396. As a result, if an officer

reasonably, but mistakenly, believes that a suspect was likely to fight back, the

officer would be justified in using more force than in fact was needed. <u>Saucier</u>,

533 U.S. at 205. Here, Plaintiff does not allege that Dean Banks struck her with

any type of weapon, including an A.S.P. Similarly, the plaintiff does not claim

that Officer Banks sprayed her with mace or pepper spray. Similarly, she does not

claim that he placed her in any type of chokehold or attempted to gain compliance

by using pressure points. The excessive force claim amounts to a "jab in the back"

and a "gratuitously violent shove" she allegedly received when Dean Banks

allegedly placed her on the trunk of his squad car. If Plaintiff's testimony is

accepted as true, it took Dean Banks up to a minute to escort her from the front of

his squad car. She also admits that Dean Banks required the assistance of a

passerby (again if her testimony is accepted as true) to complete the arrest.

Finally, Carlson admits that it took not one but two individuals to place her in the

squad car. A reasonable officer in Dean Banks' position could have reasonably

believed that Marlene Carlson was resisting arrest and thus it was necessary to

utilize a degree of force described by Plaintiff during her direct testimony.

Moreover, Plaintiff herself testified that her left arm was not handcuffed (again, if

Plaintiff is to be believed). The fact that her left arm or left hand was unsecured

posed a safety threat to Officer Banks' safety. As for the alleged "jab" that

Plaintiff allegedly received, she herself admits that she does not know whether the

jab occurred intentionally or was a byproduct of the 30 to 60-second struggle that

allegedly took place as Officer Banks was (again allegedly) escorting her from the

front of the vehicle to the rear of the squad car. A reasonable officer in Dean

Banks' position could have believed that his conduct was well within the bounds

of an appropriate police response and thus, Dean Banks is entitled to qualified

immunity as to Plaintiff's excessive force claim.

**B.     Dean Banks is entitled to judgment as a matter of law as to Plaintiff's claim for battery.**

To succeed in her claim, Carlson must establish that Dean Banks

intentionally touched her without lawful authority in a provoking or insulting

manner. Battery is an authorized touching of another's person. Hernandez v.

Schittek, 713 N.E.2d 203 (5th Dist.1999). Under Illinois law, any offensive

conduct arising out of arresting and handcuffing an arrestee will not sustain a

claim for battery. Her claim must also fail because, as was established above,

Carlson's arrest was supported by probable cause. Finally, any touching or

conduct incidental to the arrest will not serve as a basis for Carlson's common law

battery claim.

702 ILCS 5/7-5 provides, in pertinent, as follows:

> A peace officer, or any person whom he has summoned or directed
> to assist him, need not retreat or desist from efforts to make a
> lawful arrest because of resistance or a threat in resistance to the
> arrest. He is justified in the use of any force which he believes to
> be necessary to affect the arrest and of any force which he
> reasonably believes to be necessary to defend himself or another
> from bodily harm while making the arrest. However, he is justified
> in using force likely to cause death or great bodily harm only when
> he reasonably believes that such force is necessary to prevent death
> or great bodily harm to himself or such other person. . .

Additionally, he has invoked 745 ILCS 10/2-202 which provides that a

public employee may not be held liable for his or her acts or omissions in the

execution or enforcement of any law unless such acts constitute willful and wanton

conduct. Even when viewed in the light most favorable to Carlson, the evidence

shows that Dean Banks did not act willfully or wantonly. As a result, her battery

claim must necessarily fail.

Additionally, officers are privileged to use reasonable force to make an

arrest. Stive v. U.S. 366 F.3d 520 (7th Cir.2004). As a result, any physical

touching incidental to an arrest, may not serve as a basis for liability against Dean

Banks.

**C.      Dean Banks is entitled to judgment as a matter of law as to Plaintiff's malicious prosecution claim.**

To state a claim for malicious prosecution under Illinois law, a plaintiff

must allege that (1) he was subjected to judicial proceedings for which there was

no probable cause that Defendants instituted or continued the proceedings

maliciously, that the proceedings were terminated in Plaintiff's favor and that there

was an injury. Sneed v. Rybicki, 146 F.3d 478, 480 (7th Cir.1998). In order to

support an action for malicious prosecution, there must be both malice and a lack

of probable cause and both must concur that. Turner v. City of Chicago, 91

Ill.App.3d 931, 450 N.E.2d 481 (1st Dist.1980). In an action for malicious

prosecution, where probable cause. Id. at 482. Dean Banks is entitled to judgment

as a matter of law as to Count VII because the plaintiff is unable to establish the

absence of probable cause. If Carlson's testimony is accepted as true, she was

directed three times to remain in or return to her car but failed to do so. Based on

that failure, Dean Banks properly concluded that the plaintiff was interfering and

obstructing the performance of his official duties and thus, had probable cause to

place her under arrest. Inasmuch as probable cause defeats an action for malicious prosecution under both Illinois and federal law, Dean Banks is entitled to judgment as a matter of law as to Count VII (See <u>Abrams v. Walker</u>, 165 F.Supp.2d 762, 766 (N.D.Ill.2001)).

**IV.    DEAN BANKS IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO PLAINTIFF'S PUNITIVE DAMAGES CLAIM.**

Although a punitive damages claim may be appropriate in some cases to punish a wrongdoer for his or her outrageous conduct and to deter others from engaging in similar conduct, such awards must be supported by the record and may not constitute merely a windfall to the prevailing party. <u>Ramsey v. American Air Filter Company, Inc</u>., 772 F.2d 1303, 1314 (7th Cir.1985). In <u>State Farm Mutual Automobile Insurance Company v. Campbell</u>, 538 U.S. 408, 419 (2003), the Supreme Court reiterated the factors which should be applied in determining whether a punitive damages award is constitutionally excessive. Additionally, the court provided some cautionary guidance as to the circumstances under which a punitive damages award can be justified in any amount. Specifically, the court explained that "it should be presumed that the plaintiff has been made whole for his injuries by compensatory damages so punitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. <u>Id</u>. citing BMW of North America, Inc. v. Gore, 517 U.S. 559, 575-77 (1996).

These principles require entry of judgment as a matter of law in favor of Dean Banks on Plaintiff's punitive damages claim. Carlson has failed to show that

any conduct she attributes to Dean Banks on Plaintiff's punitive damages claim. Carlson has failed to show that any conduct she attributes to Dean Banks was accompanied by ill will or spite. Similarly, Carlson failed to introduce any evidence which supports the inference that Dean Banks acted maliciously or in reckless disregard of her rights.

WHEREFORE, Defendants, VILLAGE OF SOUTH CHICAGO HEIGHTS and OFFICER BANKS, pray that this court enter of an order granting them judgment as a matter of law as to each of Plaintiff' claims.

Respectfully submitted,
DOWD & DOWD, LTD.

/s/ Patrick J. Ruberry_____
Attorneys for Defendants, VILLAGE OF
SOUTH CHICAGO HEIGHTS and
OFFICER BANKS

Patrick J. Ruberry
DOWD & DOWD, LTD.
617 West Fulton Street
Chicago, IL 60661
Tx: 312/704-4400
Fx: 312/704-4500

## CERTIFICATE OF SERVICE

I, an attorney, state that the Defendants' motion for judgment was a matter of law was served electronically to all law firms of record via ECF on February 12, 2007.

By: /s/ Patrick J. Ruberry _____
Attorney for Defendants

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 W. Fulton Street
Chicago, IL  60661
Tx:  312/704-4400
Fx:  312/704-4500