PJR/tab    Code No. 141    File No. 5574-24796
# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARLENE CARLSON, )<br>         Plaintiff, )<br>    )<br>vs.    )<br>    )<br>OFFICER BANKS and the VILLAGE OF )<br>SOUTH CHICAGO HEIGHTS, )<br>         Defendants. ) | 05 C 1650<br>Judge Filip |

## **DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW, ALTERNATIVELY FOR A NEW TRIAL ON ALL ISSUES, OR FOR ISSUANCE OF A REMITTITUR**

NOW COME the defendants, THE VILLAGE OF SOUTH CHICAGO HEIGHTS and OFFICER DEAN BANKS, by their attorneys, DOWD & DOWD, LTD., and pursuant to F.R.C.P. 50(a), 50(b) and 59(a), move this Honorable Court for entry of an order granting them judgment as a matter of law, or, in the alternative, a new trial as to all issues, or for a remittitur of damages. Additionally, Dean Banks and the Village of South Chicago Heights renew their previously filed motion for judgment as a matter of law.

## **I.     DEAN BANKS AND THE VILLAGE ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO THE MALICIOUS PROSECUTION CLAIM.**

**A.     Since the jury concluded that Dean Banks had probable cause to arrest the plaintiff, Defendants are entitled to judgment as a matter of law as the malicious prosecution claim.**

Lack of probable cause for instituting criminal proceedings is an indispensable element of a malicious prosecution action. Turner v. City of Chicago, 415 N.E.2d 481, 485, 91 Ill.App.3d 931, 935 (1st Dist.1980). If it appears that there was probable cause to institute the proceedings, such fact alone

1

constitutes an absolute bar to an action of malicious prosecution. Id. In order to support an action for malicious prosecution, there must be both malice and a lack of probable cause and both most concur. Id.

The plaintiff's complaint comprises four counts and includes a claim for malicious prosecution. On February 16, 2007, the jury returned a verdict in which they found as follows:

- For the plaintiff on her excessive force claim;
- For Dean Banks on the battery claim;
- For Dean Banks on the unlawful arrest claims;
- For the plaintiff on the malicious prosecution claim.

In order to establish a prima facie case of malicious prosecution, Marlene Carlson necessarily had to prove the following elements:

- That the defendants commenced or continued an original judicial proceeding against the plaintiff;
- That the proceeding terminated in favor of the plaintiff in a manner indicative of innocence;
- That the defendant instituted the proceeding without probable cause;
- That the defendant acted maliciously in initiating or continuing the proceedings;
- That the plaintiff sustained damages;
- That the defendant's conduct was the proximate cause of damages to the plaintiff.

(See Exhibit A.)

With respect to the unlawful arrest claims, the jury was instructed that Carlson was required to prove by a preponderance of the evidence that Defendant Dean Banks did not have probable cause to arrest her. The court also instructed the jury that probable cause exists "if at the moment the arrest was made, a reasonable officer would have believed the plaintiff was committing a crime" and that probable cause "requires more than just suspicion [but] does not need to be based on evidence that would be sufficient to support a conviction or even a showing that defense belief is

2

probably right" (See Exhibit B).

As a rule, civil juries must return consistent verdicts. <u>Will v. Comprehensive Accounting Corp.</u>, 776 F.2d 665, 677 (7th Cir.1985). If possible, the court must reconcile apparently inconsistent verdicts rather than overturn them. <u>American National Bank and Trust Company of Chicago v. Regional Transportation Authority</u>, 125 F.3d 420, 431 (7th Cir.1997). A party claiming inconsistent verdicts have been returned is not entitled to a new trial "unless no rational jury could have brought back" the verdicts that were returned. <u>Will</u>, 776 F.2d at 678. A new trial on all claims is the appropriate remedy (rather than judgment as a matter of law) in a case in which the jury has returned inconsistent verdicts. <u>Gordon v. Degelmann</u>, 29 F.3d 295, 98 (7th Cir.1994). In determining whether the jury's verdict may be reconciled, the district court must necessarily look closely at its own instructions. <u>Deloughery v. City of Chicago</u>, 422 F.3d at 617. The jury's finding in favor of Carlson on the malicious prosecution claim cannot be reconciled with it's finding in favor of Dean Banks on the unlawful arrest claim. In order to find in favor of the plaintiff on the malicious prosecution and unlawful arrest claims, the plaintiff had to establish the absence of probable cause. A rational jury could not find that probable cause existed for the unlawful arrest claim and at the same time conclude that there was no probable cause in connection with the criminal charges filed against the plaintiff. Accordingly, the defendants are entitled to judgment as a matter of law as to the malicious prosecution claim or, alternatively, a new trial on all issues.

**B.   Defendants are entitled to judgment as a matter of law as to malicious prosecution claim based on the plaintiff's failure to establish the element of**

3

**malice.**

As was established above, Plaintiff was also required to show that Dean Banks acted with malice when he instituted criminal proceedings against her. In an action for malicious prosecution, where probable cause exists, malice may not be inferred. Turner, 415 N.E.2d at 487. The defendants are entitled to judgment as a matter of law inasmuch as the jury's conclusion that the arrest was supported by probable cause precludes a finding of malice. Additionally, Defendants are also entitled to judgment as a matter of law as to the malicious prosecution claims since Plaintiff failed to show that Dean Banks was actuated by improper motives. Accordingly, Defendants are entitled to judgment as a matter of law as to Carlson's malicious prosecution claim or, alternatively, an new trial on all issues.

**II.  GIVEN THE IRRECONCILABLE VERDICTS ENTERED AS TO THE BATTERY AND EXCESSIVE FORCE CLAIMS, DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, A NEW TRIAL ON ALL CLAIMS.**

After deliberating for nearly five hours, the jury returned a verdict that is inconsistent and irreconcilable as to the battery and excessive force claims. While it found in favor of defendants on the battery claim, returned a verdict in favor of the plaintiff on the excessive force claim. With respect to the battery claim, the court issued the following instruction:

> In this case, Plaintiff Marlene Carlson claims that Defendant Officer Banks battered her. To succeed on her claim, Plaintiff must prove each of the following things by a preponderance of the evidence:
>
> 1.  That the defendant intentionally or knowingly, without legal justification, caused bodily harm to her or made physical contact of an insulting or provoking nature with her;
> 2.  As a result of Defendant's conduct, the plaintiff suffered an

    injury;
3. The defendant's conduct was the proximate cause of the injury.

(See Exhibit D.)

As to the excessive force claim, the following instruction was submitted to the jury:

> In this case, Marlene Carlson claims that Defendant Officer Banks used excessive force against her. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:
>
> 1. Officer Banks used unreasonable force against Marlene Carlson;
> 2. Because of Officer Banks' unreasonable force, Marlene Carlson was harmed.
>
> If you find that Plaintiff Marlene Carlson has proved each of these things by a preponderance of the evidence, then you should find for the plaintiff and go on to consider the question of damages. If, on the other hand, you find that Plaintiff Marlene Carlson did not prove any of these things by a preponderance of the evidence, then you should find for Defendant Officer Banks and you will not consider the question of damages for this claim.
> (See Exhibit E.)

In order to find in favor of Dean Banks on the battery claim, the jury would necessarily have to find that Dean Banks did not intentionally, knowingly or without legal justification cause bodily harm to Marlene Carlson. Likewise, the jury would necessarily conclude that Dean Banks did not "[make] physical conduct of insulting or provoking nature with her". This finding cannot be reconciled with the jury's verdict in favor of Marlene Carlson on the excessive force claim. Since the two verdicts are inconsistent and irreconcilable, the defendants are entitled to judgment as a matter of law (as to the excessive force claim) or a new trial on all claims.

5

## III. THE DEFENDANTS ARE ENTITLED TO A NEW TRIAL BECAUSE OF EVIDENTIARY ERRORS THAT PREJUDICED THEIR CASE.

### A. The defendants are entitled to a new trial because the court erred in allowing testimony over defense objection concerning the need for and cost of future surgery.

Over defense objection, the plaintiff was allowed to elicit testimony concerning the cost of and need for future back surgery. The only physician who believes that future surgery was necessary was Dr. Michael Haak and he was barred from testifying at trial (See Court's order of February 7, 2007). Two physicians testified during the trial, Dr. Michael Lim and defense expert Dr. Martin Herman. Dr. Lim has never believed that the plaintiff was a surgical candidate (See page 57 of Dr. Lim's testimony, Exhibit C). Additionally, Dr. Lim conceded that he had no knowledge of her present condition and had not seen her in nearly two years and thus, could not offer an opinion as to whether she in fact needed surgery. Dr. Lim acknowledged that since he had not seen the plaintiff in 31 months, he did not know whether she was currently experiencing any low back pain and whether she required any treatment, let alone surgery (See pages 67-68 of Dr. Lim's testimony, Exhibit C). Nevertheless, Plaintiff was allowed to elicit testimony from Dr. Lim concerning the need for and cost of future surgery. Over objection, Plaintiff's counsel was allowed to offer the following question:

> Doctor, if surgery would be recommended at a future date if symptoms did not improve, what kind of surgery, if any, would be performed?

> The witness: The accepted form of treatment for spondylolisthesis is a fusion.

The fact that the plaintiff prefaced his question with the word "if" underscores the speculative nature of this testimony. No physician testified that surgery would in fact be "recommended at a future date". On the contrary, Dr. Lim testified that Carlson seemed to be improving with physical therapy and the MRI findings did not warrant a recommendation of surgery (See pages 58-59 of Dr.Lim's deposition testimony, Exhibit C).

Dr. Martin Herman did not believe that the plaintiff was a surgical candidate but nevertheless, Plaintiff was allowed to elicit testimony from him concerning the cost of said surgery ($70,000.00). Using a back door method prohibited by Rule 702, elicited from Dr. Herman Dr, Haak's belief that the plaintiff could be a candidate for a low back fusion procedure. The admissibility of expert testimony is governed, in large part, by FRE 703 and 705. FRE 703 provides as follows:

> The facts or data in a particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in a particular field informing opinions or inferences upon a subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data which are otherwise inadmissible, shall not be disclosed to the jury by the proponent of the opinion or an inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

FRE 705 provides as follows:

> The expert may testify in the terms of opinion or inference and give reasons therefore without first testifying to the underlying facts or data, unless the court requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination.

Dr. Herman concluded that the plaintiff's alleged back complaints were responding to conservative care and she could not be considered a candidate for surgery. Nevertheless, during cross-examination, Plaintiff's counsel was allowed to elicit testimony concerning Dr. Haak's belief that the plaintiff was a candidate for surgery. While Dr. Herman may have reviewed Dr. Haak's records, that review did not render those records or Dr. Haak's opinion independently admissible. Under no circumstance did Dr. Haak's inadmissible opinion provide the necessary foundation that would permit Plaintiff to ask the jury to award damages for future pain and suffering and future surgery. Dr. Haak's "opinion" was nothing more than inadmissible hearsay and allowing Plaintiff to present to the jury the defense expert amounted to reversible error which entitles Defendants to a new trial on all issues or, alternatively, a new trial on the issue of damages only.

**B.     The trial court erred by allowing Plaintiff to introduce Dr. Lim's testimony concerning the cause or causes of the plaintiff's alleged back injury.**

Over defense objection, the plaintiff was allowed to elicit testimony from Dr. Lim to the effect that Plaintiff suffered an exacerbation of her pre-existing spondylolisthesis as a result of her "over-exuberant encounter with police". This testimony should have been barred inasmuch as it was based entirely on speculation, guess and conjecture. Dr. Lim testified that he was unable to determine whether Carlson's symptoms were caused by anything that Officer Carlson did (See pages 99-100 of Dr. Lim's testimony attached hereto as Exhibit C). He also testified that based on the history given, he was unable to determine the specific mechanism or mechanisms that may have caused Carlson's complaints

(See pages 101-102 of Dr. Lim's testimony, Exhibit C). Moreover, since the plaintiff was obligated to show that she was harmed by application of unreasonable force, the prejudicial effect of this testimony cannot be exaggerated. As a result, the defendants are entitled to a new trial on all issues or, at the very least, a new trial on the issue of damages.

**C. The trial court erred by allowing Plaintiff to cross examine Dean Banks about alleged discrepancies between his testimony and the content of the complaints filed against Marlene Carlson.**

Over defense objection, Plaintiff was allowed to elicit testimony concerning alleged discrepancies between Dean Banks' description of what occurred on May 9, 2004 and language contained in the criminal complaints. Specifically, Plaintiff's counsel was allowed to cross-examine Dean Banks as to whether the plaintiff pushed and/or shoved him during the course of the incident. This testimony had absolutely no probative value with respect to the issue of probable cause or malice. Likewise, it had no probative value with respect to Carlson's battery or excessive force claims.

**D. The trial court erred by allowing the plaintiff to introduce Plaintiff's Exhibit 4 into evidence.**

Plaintiff was allowed to introduce into evidence a copy of her Nextel phone record for the period of May 7 –10, 2004. Plaintiff apparently believed that this record was relevant on the issue of probable cause and/or excessive force. The fact that Plaintiff attempted to telephone her husband during the course of this incident has absolutely no probative value and resulted in prejudice to the defendant inasmuch as the testimony and/or exhibit suggested that the plaintiff was being assaulted as opposed to being lawfully arrested.

## IV. DEAN BANKS AND THE VILLAGE OF SOUTH CHICAGO HEIGHTS INCORPORATE THE ARGUMENTS RAISED IN THEIR MOTION FOR JUDGMENT AS A MATTER OF LAW.

Defendants filed a timely motion for judgment as a matter of law on February 12, 2007 and renewed it on February 15, 2007. To date, no ruling has been issued. In the interest of avoiding duplication, Defendants adopt and incorporate the arguments and matters contained therein in this post-trial motion. Additionally, Defendants submit that if in fact Dean Banks is entitled to qualified immunity and he could not, as a matter of law, act with malice and therefore would be entitled to judgment as a matter of law as to the malicious prosecution claim.

## V. DEFENDANTS ARE ENTITLED TO A NEW TRIAL ON THE ISSUE OF DAMAGES OR ALTERNATIVELY TO A REMITTITUR BECAUSE THE EVIDENCE DID NOT SUPPORT THE JURY'S COMPENSATORY DAMAGE AWARD.

A new trial may be warranted where a compensatory damage award is excessive or inflated. When a court determines that a damages award is excessive, a remittitur – and not a new trial – is appropriate. Davis v. Consolidated Rail Company, 788 F.2d 1260, 1263 (7th Cir.1986). A remittitur has been approved for use in cases where a compensatory damage award is not proportional to the plaintiff's alleged injuries. Avitia v. Metro Club of Chicago, Inc., 49 F.3d 1219, 1229 (7th Cir.1995).

Even when viewed in the light most favorable to Plaintiff, the evidence does not establish emotional suffering, pain or other injury great enough to support a $35,000.00 compensatory damage award on the plaintiff's malicious prosecution and excessive force claims. The plaintiff offered no testimony or evidence concerning the cost of medical treatment she allegedly received in connection with

her alleged injuries.  While Plaintiff claims that she received extensive medical treatment and therapy, she neglected to offer a single bill or invoice which identified the medical treatment and the cost associated with said treatment.  The compensatory damage award is plainly the product of prejudice attributable to the introduction of testimony concerning the alleged need for fusion surgery.  This testimony substantially influenced the jury and certainly affected not only the trial's outcome but also the compensatory award.  As such, a new trial on the issue of Plaintiff's damages or, alternatively, a remittitur is appropriate.

WHEREFORE, Defendants, VILLAGE OF SOUTH CHICAGO HEIGHTS and OFFICER BANKS, respectfully move this court to vacate the February 16, 2007 judgment entered on the jury's verdict in the above-captioned case and grant Defendants' judgment as a matter of law as to the malicious prosecution and excessive force claims or, alternatively, a new trial on all issues for the reasons stated herein.  Defendants also pray that the court grant its previously filed motion for judgment as a matter of law.  Additionally, Defendants move this court to vacate the judgment entered on the jury's verdict and grant Defendants a new trial on the issue of compensatory damages or reduce the compensatory award.  Defendants further request any other or additional relief the court finds just, equitable, or appropriate in the premises.

Respectfully submitted,
DOWD & DOWD, LTD.

/s/ Patrick J. Ruberry_____
Attorneys for Defendants, VILLAGE OF SOUTH CHICAGO HEIGHTS and OFFICER BANKS

Patrick J. Ruberry
DOWD & DOWD, LTD.
617 West Fulton Street
Chicago, IL  60661
Tx:  312/704-4400
Fx:  312/704-4500

## **CERTIFICATE OF SERVICE**

I, an attorney, state that the Defendants' motion for judgment as a matter of law was served electronically to all law firms of record via ECF on February 26, 2007.

                                                                                              By:    /s/ Patrick J. Ruberry _____
                                                                                                        Attorney for Defendants

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 W. Fulton Street
Chicago, IL  60661
Tx:  312/704-4400
Fx:  312/704-4500